JOHN CONNORS, RELATOR, v. ROBERT B. HILLMAN, RESPONDENT.

Argued February 18, 1914—Decided November 5, 1914.

1. In cities governed by the Charter act (*Pamph. L.* 1897, *p.* 46) the appointment of subordinate officers, such as street commissioner, must be by ordinance.

2. *Eckerson* v. *Englewood*, 82 *N. J. L.* 298, followed.

On *quo warranto*. Demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the relator, *Frederic M. P. Pearse.*

For the respondent, *Francis P. Coan.*

The opinion of the court was delivered by

PARKER, J. The controversy is over the street commissionership in the city of South Amboy. That city has less than twelve thousand inhabitants, and is governed by the Charter act for cities of its class. *Pamph. L.* 1897, *p.* 46.

The facts as developed by the pleadings are that relator, on January 1st, 1909, was appointed by the common council as street commissioner "by motion," and by similar "motion" his term of office was fixed at two years; that he was reappointed for successive terms on January 1st of 1911 and 1913, but that on January 1st, 1914, a new council by resolution declared his office vacant and appointed the respondent to fill it.

The issue raised by the plea and demurrer is that relator was never legally appointed to office, for the reason that by the Charter act his appointment was required to be made by ordinance and that no such ordinance was ever enacted.

This point appears to be well taken. The authority for the appointment of relator must be found in section 18, subsection 34 of the act cited, and on this the case of *Eckerson* v. *Englewood,* 82 *N. J. L.* 298, is directly in point and controlling. That respondent was similarly appointed does not help matters, for in this contest between two rival claimants, unless the relator shows title, he cannot prevail. *Manahan.* v. *Watts,* 64 *Id.* 465.

The respondent is entitled to judgment on the demurrer.